Filed 7/14/16  P. v. Ortiz CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER L. ORTIZ,<br><br>    Defendant and Appellant. | A146959<br><br>(San Francisco City and County<br>Super. Ct. Nos. 217471, 219077) |

This matter is before us for a third time.  In his first appeal, appellant Christopher Ortiz challenged, inter alia, the trial court's finding that a prior Texas burglary conviction was a strike under California's "Three Strikes" law.  (*People v. Ortiz* (Oct. 15, 2013, A136117) [nonpub. opn.] (*Ortiz I*).)  We reversed this finding and remanded for retrial of the enhancement allegation.  After retrial, the trial court again found the Texas conviction qualified as a strike and Ortiz appealed his sentence.  We found the evidence insufficient to support the strike finding and declined to permit retrial on the issue; remand was required, however, to correct other sentencing errors.  (*People v. Ortiz* (May 14, 2015, A139561) [nonpub. opn.] (*Ortiz II*).)  Ortiz again appeals his sentence.

Assigned counsel has submitted a *Wende*[1] brief, certifying that counsel has been unable to identify any issues for appellate review.  Counsel also has submitted a declaration confirming that Ortiz has been advised of his right to personally file a supplemental brief raising any points which he wishes to call to the court's attention.  No

_____

[1] *People v. Wende* (1979) 25 Cal.3d 436.

1

supplemental brief has been submitted. As required, we have independently reviewed the record. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110.) We find no arguable issues and therefore affirm.

# I. BACKGROUND AND PROCEDURAL HISTORY[2]

## A. *Ortiz I*

In case No. 217471, Ortiz was convicted by jury of first degree residential burglary (Pen. Code, § 459).[3] The jury found him not guilty of a misdemeanor and could not reach a verdict on charges related to a second residential burglary and receipt of stolen property. The jury also found true that Ortiz had suffered two prior felony convictions in Texas for which he had been imprisoned. The trial court determined that one of those convictions—a burglary—qualified as a sentence enhancing strike (§§ 667.5, 1170.12) and sentenced Ortiz to state prison. Ortiz appealed, claiming the evidence was insufficient to establish his Texas burglary conviction qualified as a strike in California because of differences in statutory definitions of burglary.

## B. *Ortiz II*

While *Ortiz I* was pending, the People charged Ortiz with a third residential burglary (case No. 219077). This charge was later consolidated with the burglary and receiving stolen property charges from case No. 217471 for which there was no verdict. Among other allegations, the Texas burglary conviction was again alleged to qualify as a sentence enhancing strike. (§§ 667.5, subd. (b), 1170.12.) A jury found Ortiz guilty of both burglaries, and the receiving stolen property charge was dismissed by the prosecution. Ortiz waived jury trial on prior conviction allegations. He urged the trial court to conclude the Texas burglary conviction was not a strike because violation of section 459 is a strike only when the building is inhabited and Texas Penal Code section 30.02 criminalizes burglary of any building. Ortiz also argued there was no

---

[2] We grant Ortiz's request that we take judicial notice of the record and decisions in his prior appeals, and we briefly summarize the relevant factual and procedural history from *Ortiz II.*

[3] Undesignated statutory references are to the Penal Code.

2

evidence he entered the building with the intent to commit a felony, as required by section 459. The trial court found sufficient evidence to substantiate a finding beyond a reasonable doubt that the Texas prior conviction qualified as a strike. Ortiz appealed.

In *Ortiz II*, we found the strike enhancement finding was not supported by substantial evidence and exercised our authority to preclude retrial to avoid the "futility and expense" of trying the allegation for a third time. We remanded for the trial court to correct its failure to impose a single aggregate sentence for all three of Ortiz's California burglary convictions. (See Couzens & Bigelow, California Three Strikes Sentencing (2014) Multiple Count and Multiple Case Sentencing § 8.4, p. 8-45.)

C.     *Current Appeal*

At the new sentencing hearing, the trial court imposed a single aggregate sentence of six years eight months for the three burglary convictions from case Nos. 217471 and 219077[4]—a four-year midterm for the first conviction, with two consecutive 16-month (one-third of midterm) terms for the two subsequent convictions. The court awarded custody credits totaling 1,620 days and assessed statutory fines and fees. The court ordered the Texas prior convictions stricken.

## II.     DISCUSSION

Our review of the record revealed an apparent error in the sentence imposed in case No. 219077. The clerk's October 28, 2015 minutes reflect a suspended five-year consecutive term imposed under section 667, subdivision (a)(1), but "stayed." In *Ortiz II,* we noted the People's argument that the court erred in staying the mandatory sentence enhancement following remand from *Ortiz I*, but found the issue moot in light of our disposition. The court's oral pronouncement and the abstract of judgment, however, indicate no stayed sentence enhancement and the sentencing hearing transcript shows that the court struck both of the two alleged Texas prior convictions.

---

[4] The court record reflects that each case has two tracking numbers—case No. 217471 corresponds with MCN11033800, and case No. 219077 corresponds with MCN12009208.

3

Where a discrepancy exists between the oral pronouncement of judgment and the minute order, the oral pronouncement controls.  (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)  We assume the erroneous entry was simply an overlooked artifact from the previous sentencing hearing.

We find no arguable issues.

### III.    DISPOSITION

The judgment is affirmed.  The clerk of the Superior Court of the City and County of San Francisco is directed to correct the October 28, 2015 minutes in case No. 219077 to reflect that there is no stayed five-year consecutive term imposed under section 667, subdivision (a)(1).

_____

Bruiniers, J.


We concur:


_____

Jones, P.J.


_____

Needham, J.


A146959

5